UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

DONALD R. JONES, II and
KIMBERLY A. JONES,

          Plaintiffs,

v.                              CIVIL ACTION NO.  5:19-cv-00223

LACLEDE CHAIN MANUFACTURING
COMPANY, LLC, a Missouri, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's Motion to Vacate Scheduling Order [Doc. 59] and Defendant's Motion for Summary Judgment [Doc. 54].

*Federal Rule of Civil Procedure* 60 is inapplicable inasmuch as the Court is vested with the authority under Rule 54 to modify its interlocutory orders at any time prior to final judgment: "Any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Accordingly, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Virginia, LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)).

The scheduling matter is governed by the Rule 16(b) good cause standard. "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). "Good cause" requires "the party seeking relief [to] show that the

deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curium) (unpublished opinion) (citing 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1522.2 (3d Ed. 2010)). Good cause is, as it was in the initial motion to continue and modify, apparent and abundant based upon (a) a timely disclosure of the manufacturing defect expert and the professed unexpected finding that no such defect existed, (b) the ongoing challenges posed by the Pandemic insofar as expert discovery, at a minimum, is concerned and the delay in examining the subject hook, (c) the recent disclosure of the new expert and his report and a scheduled deposition date, and (d) the uncontested proffer of Plaintiffs' counsel concerning a serious immediate family medical issue during the summer months.[1] Reconsideration is thus unwarranted.

Based on the forgoing discussion, Defendant's Motion to Vacate [**Doc. 59**] is **DENIED**, and Defendant's Motion for Summary Judgment [**Doc. 54**] is **DENIED** without prejudice as being premature in view of ongoing discovery.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTERED:   December 28, 2020

Frank W. Volk
United States District Judge

---

[1] Defendant is understandably discontent respecting its inability to respond prior to the Court modifying the scheduling order, although good cause was, as noted, abundant. The better practice is to await a response. Additionally, Plaintiffs' counsel should not, in future cases where a Pandemic may not be in play, think that good cause will exist in a vacuum when (1) discovery somehow "eliminat[es a] . . . preferred strict liability claim" when best practice dictates all claims should be developed simultaneously, or (2) they do not avail themselves of the arsenal found in the discovery rules simply because they may be "hopeful [a] matter would resolve at mediation . . . ." (Pls.' Resp. at 2-3).