UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

DONALD R. JONES, II and
KIMBERLY A. JONES,

          Plaintiffs,

v.                                  CIVIL ACTION NO.   5:19-cv-00223

LACLEDE CHAIN MANUFACTURING
COMPANY, LLC, a Missouri, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Laclede Chain Manufacturing Company, LLC's Renewed Motion for Summary Judgment [Doc. 71], filed February 22, 2021. Plaintiffs Donald R. Jones, II and Kimberly A. Jones responded in opposition [Doc. 74] on March 8, 2021, to which Laclede Chain Manufacturing Company, LLC replied [Doc. 75] on March 15, 2021.

**I.**

Laclede Chain Manufacturing Company, LLC ("Laclede") is a limited liability company with its principal place of business in Fenton, Missouri. Laclede is a manufacturer of industrial chain products including the subject 5/16" Grade 70 Clevis grab hook. Plaintiff Donald R. Jones, II ("Mr. Jones") was employed by Marfork Coal Company, LLC ("Marfork"), in Raleigh County, West Virginia, at the Slip Ridge Mine as an outside utility worker at all relevant times. [Doc. 1 at 5].

Prior to August 2017, Marfork mine clerk Roy Stephenson purchased the subject hook from United Central Industrial Supply, a supplier who purchased products from Laclede.

[Doc. 74-9 at 5]. Marfork purchased the products to assist in transporting supplies and materials throughout the mine. [Doc. 1 at 5]. The purchased chains and hooks came attached and were contained in a barrel. [Doc. 74-9 at 3, 4]. The label on the barrel stated that the chains and hooks were for "TRANSPORT" with a working load limit of 4,700 pounds and were not to be used for overhead lifting. [Doc. 74-15].

On August 3, 2017, Mr. Jones utilized the subject hook to transport a welding box by way of a scoop machine. [Doc 1 at 5]. During transport, the subject hook broke, and a severed piece of the hook struck Mr. Jones' left cheek. *[Id.]*. That impact resulted in a laceration which has taken multiple surgeries to repair and caused permanent damage. [*Id.*].

On March 27, 2019, Plaintiffs instituted this product liability action against Laclede. Laclede seeks summary judgment on the remaining failure to warn claim and argues that the design defect claim should be excluded as it was alleged for the first time in Plaintiffs' response.[1]

## II.

*Federal Rule of Civil Procedure* 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby,*

---

[1] Claims raised for the first time in a reply are generally not reviewable. *See, e.g., Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002) ("this Court normally views contentions not raised in an opening brief to be waived"); *Cutera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but rather is raised only in response to a motion for summary judgment is not properly before the court.").

*Inc.*, 477 U.S. 242, 248 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *see also Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

### III.

To recover on a failure to warn claim, a plaintiff must establish that (1) the defendant manufactured the product, (2) the use of the product, which was reasonably foreseeable to the manufacturer, involved a substantial danger that would not be readily recognized by the ordinary use of the product, (3) the manufacturer failed to give adequate warnings of such danger, and (4) the manufacturer's failure to provide adequate warnings was a proximate cause of plaintiff's injuries. *See Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603 (1983). The "determination of whether a defendant's efforts to warn of a product's dangers are adequate is a jury question." *Id*. at Syl. Pt. 4.

In viewing the record in the light most favorable to Plaintiffs, the Court finds that genuine issues of material fact exist as to the adequacy of Laclede's warning label.

Accordingly, the Court **DENIES** Laclede's Renewed Motion for Summary Judgment [**Doc. 71**], except to the extent that the untimely and improperly raised design defect claim is deemed not a part of this action.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED: August 10, 2021

Frank W. Volk
United States District Judge